**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**May 17, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEPHEN W. VANATTA,

Defendant-Appellant.

No. 07-3092
(D.C. No. 5:06-cr-40151-JAR)
(D. Kan.)

**ORDER AND JUDGMENT** *

Before **HENRY**, **MURPHY**, and **TYMKOVICH**, Circuit Judges.

Defendant Stephen W. Vanatta appeals the district court's order affirming

the magistrate judge's order of detention. We exercise jurisdiction pursuant to

28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), and we affirm.

On November 29, 2006, Mr. Vanatta was indicted for conspiracy, bank

fraud, engaging in monetary transactions in property derived from the unlawful

---

\* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

activity of bank fraud, destruction of records in a federal investigation, corruptly influencing and attempting to influence a witness, and criminal contempt. He was released on his own recognizance with conditions for his release. On December 27, 2006, a grand jury returned a superseding indictment, which added a new charge for harassment of witnesses in the pending case. Based on this new charge and evidence that Mr. Vanatta had violated the conditions of his release, the government moved to revoke Mr. Vanatta's pretrial release and to have him detained pending trial. The magistrate judge held a hearing on the government's motion and then ordered Mr. Vanatta detained. Mr. Vanatta objected to the magistrate judge's order of detention. The district court held a hearing on Mr. Vanatta's objection and then entered an order affirming the order of detention. The district court found that (1) there was probable cause that Mr. Vanatta committed a crime while on release and (2) Mr. Vanatta had failed to rebut the presumption, which arises when there is probable cause that the defendant committed a felony, that no condition or combination of conditions will assure that he will not pose a danger to the safety of any other person or the community. This appeal followed.

We review de novo mixed questions of law and fact concerning the detention decision, "but we accept the district court's findings of historical fact which support that decision unless they are clearly erroneous." *United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003). Having reviewed the briefs, the

record, and the applicable law, we conclude that the district court was correct in ordering detention. Accordingly, we AFFIRM the judgment for substantially the same reasons stated by the district court in its Memorandum and Order dated March 12, 2007.

ENTERED FOR THE COURT
PER CURIAM